# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CHANDRIKA ZELLARS-JEMISON,**<br>    Plaintiff,<br><br>v.<br><br>**DANIEL CRAIG,** *et al.***,**<br>    Defendants. | **Case No. 1:24-cv-1678-CLM** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chandrika Zellars-Jemison works at the Anniston Army Depot. Originally, she sued Department of War employees Daniel Craig, Phillip Trued, and George Worman (collectively, "DOW Defendants") under federal law in state court. The DOW Defendants removed the case to this court and moved to dismiss under Rule 12(b)(6) (doc. 28).

Before the court could rule on that motion, Zellars-Jemison amended her complaint to drop the DOW Defendants and name Daniel Driscoll, the Secretary of the Army, as the proper Defendant (doc. 31). Zellars-Jemison pleaded four counts. Driscoll moved to dismiss Count 3 only (doc. 35) and answered the rest (doc. 36). For the reasons stated within, the court will **GRANT** Driscoll's motion to dismiss (doc. 35) and **DENY AS MOOT** the DOW Defendants' motion to dismiss (doc. 28).

## BACKGROUND

### A.    Factual Allegations

The facts alleged in Zellars-Jemison's operative complaint (doc. 31) are limited. But here are the facts as best the court can tell them.

While working at the Anniston Army Depot, Zellars-Jemison experienced a hostile work environment on account of her race and gender. At some point, Zellars-Jemison engaged in protected activity

under Title VII by making "protected disclosures regarding prohibited personnel practice." (Doc. 21, p. 3). She also attempted to exercise her rights under the Family and Medical Leave Act ("FMLA") by requesting leave.

Zellars-Jemison claims that, in response to her protected activities and whistleblowing, Defendant Driscoll, because of his position as agency head and through the Army's agents, retaliated against her in various ways, including: (1) issuing poor performance reviews and disciplinary action; (2) making vague threats in a memorandum; and (3) denying her requested leave.

### B.     Procedural Posture and the Pending Motions

Zellars-Jemison originally sued the DOW Defendants in the Circuit Court of Calhoun County and later amended her claims once the case was removed (doc. 21). The DOW Defendants then moved to dismiss all claims (doc. 28). In their motion, the DOW Defendants argued that Zellars-Jemison's Title VII claim against them should fail because they "are not the heads of the Department of the Army and are not appropriate defendants for [Zellars-Jemison's] Title VII claim." (Doc. 28, p. 4).

In response, Zellars-Jemison amended her complaint again (doc. 31), naming Driscoll as the only Defendant. Aside from this change, Zellars-Jemison did not alter the substance of her allegations. So the court considers Zellars-Jemison's amended complaint against Driscoll to be the operative complaint. In it, Zellars-Jemison pleads four counts:

- **Count 1: Retaliation in violation of Title VII**. Zellars-Jemison claims that Defendant Driscoll retaliated against her "for engaging in protected EEO activity[,] denying her Weingarten rights, countless times." (Doc. 31, p. 3).
- **Count 2: Whistleblower retaliation in violation of the Whistleblower Protection Act**. Zellars-Jemison asserts that Driscoll, "through [his] agents, retaliated against her for protected whistleblower disclosures." (*Id.*).

2

- **Count 3: FMLA interference and retaliation**. Zellars-Jemison claims that Driscoll "interfered with her FMLA rights and retaliated against her for exercising them." (*Id.*).
- **Count 4: Hostile work environment**. Zellars-Jemison contends that Driscoll subjected her "to severe and pervasive harassment that created a hostile work environment, based on retaliation and protected activity." (*Id.*).

Driscoll moves to dismiss only Zellars-Jemison's claim for FMLA interference and retaliation in Count 3. The parties are engaged in discovery on Counts 1, 2, and 4.

## DISCUSSION

The court addresses the motions to dismiss in the order they were filed.

A.   **The DOW Defendants' Motion to Dismiss (doc. 28)**

As discussed, Zellar-Jemison first sued the DOW Defendants (doc. 21), but she removed them as Defendants in her most recent, operative complaint (doc. 31). She likely did so after the DOW Defendants noted that they may not be the proper defendants for her Title VII claim. (*See* doc. 28). Regardless, because the DOW Defendants are no longer named parties in Zellars-Jemison's operative complaint, the court **will deny** their motion to dismiss **as moot** and **direct** the Clerk of Court to remove the DOW Defendants as parties.

B.   **Driscoll's Motion to Dismiss Count 3 (doc. 35)**

Driscoll moves to dismiss Zellars-Jemison's FMLA claim in Count 3. He contends that the court lacks subject matter jurisdiction over Zellars-Jemison's FMLA claim because Congress did not waive sovereign immunity under Title II of the FMLA. The court agrees.

Title I of the FMLA applies to private sector employees. *See* 29 U.S.C. § 2611(2)(B)(I). Conversely, Title II of the FMLA applies to most federal government employers, like the Army. *See Cavicchi v. Sec'y of*

3

*Treasury*, 2004 WL 4917357, at *6 (11th Cir. Oct. 15, 2004). This distinction matters because "Title I expressly creates a right of action for private employees, ... however, Title II does not contain an analogous provision." *Id.* (citing 29 U.S.C. § 2617(a)(2); 5 U.S.C. §§ 6381-6387). As a result, the Eleventh Circuit has held that "the absence of an express authorization" from Congress allowing FMLA suits against federal employers means that Congress did not waive sovereign immunity for claims like Zellar-Jemison's. *Id.*

Because Zellars-Jemison brings her FMLA claim against Driscoll in his official capacity and Driscoll has sovereign immunity, the court must **dismiss** Zellars-Jemison's FMLA claim in Count 3.

## CONCLUSION

For the reasons stated above, the court **GRANTS** Driscoll's motion to dismiss Count 3 (doc. 35) and **DENIES AS MOOT** the DOW Defendants' motion to dismiss (doc. 28). The court **DIRECTS** the Clerk of Court to terminate the DOW Defendants as parties and send a copy of this order to Zellars-Jemison at her address of record.

The parties are in the late stages of discovery on Counts 1, 2, and 4. The court will enter separate orders dealing with discovery-related issues. (*See* docs. 49, 50, 53, 62, 65, 73).

**DONE** and **ORDERED** on January 13, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE